IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOHN GUY DAVIS, III,

    Petitioner,

v.                             Criminal No. 3:17CV04

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

This matter is before the Court pursuant to John Guy Davis, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1).[1] Respondent has filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. ("Motion for Summary Judgment," ECF No. 6).[2] Davis has responded. (ECF No. 10.) The matter is ripe for disposition.

In his § 2241 Petition, Davis, a federal inmate incarcerated in Petersburg, Virginia, contends that he "is being barred from a reduced sentence based on an invalid agency policy [of] the Bureau of Prisons [("BOP")]. . . . (BOP) denied [Davis] the 'one-year-off' for completing [the Residential Drug Abuse Program] that participants usually receive." (§ 2241 Pet.

---

[1] The Court employs the pagination assigned to Davis's submissions by the CM/ECF docketing system.

[2] The Court employs the pagination assigned to the Government's submissions by the CM/ECF docketing system.

3.) As relief, Davis requests that the Court "rule that the [BOP] through FCC Petersburg is relying on [an] invalid agency policy - which violates [the Administrative Procedure Act ("APA")] - to wrongfully bar [Davis] from the one year reduction in sentence for which he should otherwise be eligible under 18 U.S.C. § 3621." (Id. at 7.)[3] Respondent asserts that Davis's § 2241 Petition should be dismissed because Davis lacks standing and because Davis's substantive challenge against the BOP's Residential Drug Abuse Program ("RDAP") is meritless. (Mem. Supp. Mot. Summ. J. 5, 7, ECF No. 7.) For the following reasons, Respondent's Motion for Summary Judgment (ECF No. 6) will be granted, and Davis's § 2241 Petition (ECF No. 1) will be dismissed without prejudice because at this juncture, the action is not ripe for judicial disposition.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion,

---

[3] Davis has attached to his § 2241 Petition a Memorandum in Support of his § 2241 Petition. (See ECF No. 1, at 7-15.) The Clerk docketed this Memorandum together with the § 2241 Petition. For ease of reference, the Court uses the pagination assigned by the CM/ECF docketing system for this submission and simply refers to it as part of the § 2241 Petition.

and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a

verdict for the party . . . upon whom the onus of proof is imposed.'" Id. (quoting Munson, 81 U.S. at 448).

In support of its Motion for Summary Judgment, the Government submits a Declaration of Scharles C. Tinsley, Drug Abuse Program Coordinator at FCI Petersburg Low ("Tinsley Decl.," ECF No. 7-1), and several records pertaining to Davis's RDAP eligibility and participation (Tinsley Decl. Attach. 1-5, ECF No. 7-2 through 7-6).

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. Celotex Corp., 477 U.S. at 324. With his Reply, Davis submitted an Affidavit ("Davis Aff.," ECF No. 10-1). Davis also swore to the contents of his Reply under penalty of perjury. (Reply 11.) In light of the foregoing submissions and principles, the following facts are established for the purposes of the motion for summary judgment. All permissible inferences are drawn in Davis's favor.

## II. SUMMARY OF FACTS

On June 10, 2014, Davis was sentenced by the United States District Court for the Middle District of North Carolina to 60 months' imprisonment for manufacturing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Tinsley Aff. Attach. 1 at 3, ECF No. 7-2.) At sentencing, the district court adopted

4

Davis's Pre-Sentence Investigation Report and accepted its recommendation of a two-level increase in Davis's base offense level pursuant to United States Sentencing Guideline § 2D1.1, (Tinsley Aff. ¶ 5), finding that "a dangerous weapon (including a firearm) was possessed" at the time of his offense. (Id. Attach. 2 at 2, ECF No. 7-3.)

On November 7, 2014, Davis was found to qualify for the BOP's RDAP. (Tinsley Aff. ¶ 6.) Pursuant to RDAP's policy, Davis's records were submitted to the BOP's Designation and Sentence Computation Center ("DSCC") for a determination of whether he qualified for early release upon successful completion of RDAP. (Id.; see Tinsley Aff. Attach. 3 at 2, ECF No. 7-4.) The DSCC determined that Davis's current offense conviction "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive[]" and "by its nature or conduct [Davis's offense conviction], presents a serious potential risk of physical force against the person or property or another." (Tinsley Aff. Attach. 4 at 2, ECF No. 7-5.) Therefore, the DSCC concluded that Davis was ineligible for early release even if he were to complete successfully RDAP. (Tinsley Aff. Attach. 4 at 3.) Davis has neither completed nor enrolled in RDAP.[4] (See Tinsley Aff. ¶ 7; Tinsley Aff. Attach. 5

---

[4] Davis disputes whether he declined to participate in RDAP. In his Affidavit, Davis asserts,

5

at 3, ECF No. 7-6.)

### III. DAVIS'S STANDING TO BRING THIS § 2241 PETITION

Essentially, Davis argues that RDAP's policy of disallowing early release for felons who have been convicted or sentenced because of firearm offenses is arbitrary and capricious in violation of the APA. (§ 2241 Pet. 8-15.) However, the Court must consider his ability to bring this § 2241 Petition before it can reach the merits of Davis's argument.

In its Memorandum in Support of its Motion for Summary Judgment, the Government contends that Davis's § 2241 Petition is non-justiciable because Davis lacks standing. (Mem. Supp. Mot. Summ. J. 5-7.) The Government argues that because Davis

---

> I never signed out of RDAP or declined to participate. Note the lack of my signature on the Respondent's exhibit for proof that I did not refuse to participate and still intend to participate with the hopes of receiving the one year off should the courts rule favorably in my § 2241 proceeding. I only told Dr. Woods that I would be appealing the eligibility denial regarding the year off incentive.

(Davis Aff. ¶ 4 (emphasis omitted).) A review of the Government's attachment that Davis references, however, reveals that although Davis's signature is indeed absent, Dr. Woods checked the box indicating that the "inmate refuses to sign." (Tinsley Aff. Attach. 5 at 3.) Further, the attachment shows that Dr. Woods commented "Inmate Davis declined RDAP as he was not eligible for early release. As such, his status was updated to reflect [RDAP] Decline." (Id.) Whether or not Davis refused to participate in the program is immaterial. The record conclusively establishes that Davis has neither sought to enroll in nor completed RDAP despite his eligibility to do so.

has not completed RDAP he is unable to show both that he has a redressable injury and that the action is ripe for disposition. (Id.) As discussed below, the Court agrees that this action is not ripe because Davis has neither enrolled in nor completed RDAP and thus, the Court lacks Article III jurisdiction to review the merits of Davis's § 2241 Petition.

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. S.C. Citizens for Life, Inc. v. Krawcheck, 301 F. App'x 218, 220-21 (4th Cir. 2008) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)). Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. See Ohio Forestry Ass'n Inc. v. Sierra Club, 523 U.S. 726, 732-34 (1998). The Supreme Court has recognized that "[t]he burden of proving ripeness falls on the party bringing suit." S.C. Citizens for Life, Inc., 301 F. App'x at 220 (alteration in original) (quoting Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006)).

To determine whether a claim is ripe for judicial disposition, "a court must evaluate (i) 'the fitness of the issues for judicial decision' and (ii) 'the hardship to the

7

parties of withholding court consideration.'" Id. at 221 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)). A claim for relief "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted) (citation omitted); see Miller, 462 F.3d at 319 ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties.").

Davis's challenge to his eligibility for RDAP is not ripe for this Court's review because Davis has not completed RDAP, which is a precondition to being considered for early release under 18 U.S.C. § 3621(e)(2)(B). Davis's successful completion of RDAP is a future contingency.[5] Hence, at this juncture, "the

---

[5] In his Reply, Davis argues that the action is ripe for review because he is identically situated with the habeas petitioner in Lopez v. Davis, 531 U.S. 230 (2001). (Reply 3-4, ECF No. 10.) However, Davis's argument lacks merit. Lopez was a case of first impression before the Supreme Court addressing whether 18 U.S.C. § 3621(e)(2)(B) is a permissible exercise of the BOP's discretion. Lopez, 531 U.S. 233. It does not appear that any party raised the issue of ripeness in Lopez. However, since Lopez, district courts have found that challenges to RDAP are not ripe for judicial disposition where an inmate has not completed the program. See King v. Fed. Bureau of Prisons, C.A. No. 9:09-323-HMH-BM, 2009 WL 764948, at *5 (D.S.C. Mar. 23, 2009) (citation omitted), aff'd, 329 F. App'x 504 (4th Cir. 2009); Holland v. Fed. Bureau of Prisons, No. 0:08-3960, 2009 WL 2872835, at *1 (D.S.C. Sept.2, 2009).

duration of [Davis's] imprisonment based on possible early release is not a controversy, and the length of [Davis's] imprisonment would be unaffected by this Court's dismissal of the petition without prejudice." King, 2009 WL 764948, at *5; see id. at *3 (concluding, inter alia, that habeas petitioner's APA challenge to RDAP was not ripe because he had "not completed RDAP and therefore ha[d] not been denied the early release benefit"); see Gay v. LaManna, C.A. No. 2:08-3624-GRA-RSC, 2009 WL 790336, at *3 (D.S.C. Mar. 25, 2009), aff'd, 332 F. App'x 22 (4th Cir. 2009) (citations omitted) ("Plaintiff's claim will not be 'ripe' for federal judicial review until he completes the RDAP and is denied early release credits, if that scenario does in fact transpire."). But see Sanchez v. Ledezma, 422 F. App'x 735, 738 (10th Cir. 2011) (holding petitioner faced "the requisite injury and ha[d] standing to challenge the regulation" when he had not yet completed but was participating in RDAP); Torres v. Chapman, 359 Fed App'x 459, 461 (5th Cir. 2009) (holding that, although petitioner had not completed the program, she had standing to bring a facial challenge to RDAP).[6] Because Davis has not

---

[6] Even if the action was ripe for the Court's review, it is likely that Davis's substantive challenge against the complained of RDAP policy is meritless. In sum, Davis alleges that RDAP's policy of disallowing early release for inmates who received sentencing enhancements for firearm offenses is arbitrary and capricious in violation of the APA. However, the Supreme Court

9

successfully completed RDAP, this Court lacks Article III jurisdiction to consider Davis's § 2241 Petition on the merits. Accordingly, Davis's § 2241 Petition will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion for Summary Judgment (ECF No. 6) will be granted. Respondent's Motion to Dismiss (ECF No. 6) will be denied as moot. Davis's § 2241 Petition (ECF No. 1) and the action will be dismissed without prejudice for lack of jurisdiction.

---

has held that the BOP may categorically exclude inmates with firearm sentencing enhancements from RDAP. Lopez, 531 U.S. at 244. Further, to the extent that Davis's APA argument may be read as a challenge to the BOP's individual decision to deny him eligibility for early release, this Court has already concluded that such judicial review is "excluded by the express terms of [18 U.S.C.] § 3625," Reed w. Wilson, No. 1:14CV652 (TSE/IDD), 2015 WL 5165125, at *3 (E.D. Va. Sept. 2, 2015), and that "the decision to admit an inmate to RDAP or to its early release eligibility is reserved to the sole discretion of the BOP . . . . Id. Although Davis seemingly believes that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), aids his argument, (see § 2241 Pet. 14; Davis Aff. ¶ 5), he is mistaken. In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Johnson is irrelevant to the BOP's authority to deny inmates with a two-point weapons enhancement the one-year sentence reduction upon successful completion of RDAP.

The Clerk is directed to send a copy of the Memorandum Opinion to Davis and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 5, 2017
Richmond, Virginia